IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARY MARGARET NICHOLSON          )
and KENNETH NICHOLSON,
                                 )
     PLAINTIFFS,
                                 )          CV-02-H-1107-S
VS.
                                 )
DENNIS McCABE, an individual;
and McCABE TRUCKING, a           )
corporation,
                                 )
     DEFENDANTS.

**ENTERED**

**JUL 1 8 2003**

### ORDER

The court has before it plaintiffs' June 18, 2003 motion to reconsider and request for clarification of the court's June 2, 2003 order excluding plaintiffs' expert, Jon Paul Dillard, from testifying in this case.  Defendants filed a response in opposition on June 27, 2003, plaintiffs filed a brief in support of their motion on June 30, 2003, and defendants submitted on July 9, 2003 a motion to file an out of time further opposition. That motion is **GRANTED** and the further opposition has been considered.

Federal courts exercising diversity jurisdiction apply state law to substantive issues and federal law to procedural issues. See Hanna v. Plumer, 380 U.S. 460 (1965); Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  Therefore, in this diversity case, the admission of an expert's testimony is governed by federal

law.[1]  See, e.g., Cavallo v. Star Enters., 100 F.3d 1150, 1157 (4th Cir. 1996); Stuzman v. CRST, Inc., 997 F.2d 291, 295 (7th Cir. 1993); Dawsey v. Olin Corp., 782 F.2d 1254 (5th Cir. 1986); Edwards v. Sears, Roebuck and Co., 512 F.2d 276, 292 (5th Cir. 1975).

Evidence of custom within a particular industry, group, or organization is normally admissible as bearing on the standard of care in determining negligence.  See Frazier v. Continental Oil Co., 568 F.2d 378, 382 n. 11 (5th Cir. 1978)(quoting Muncie Aviation Corp. v. Party Doll Fleet, Inc., 519 F.2d 1178, 1180 (5th Cir. 1975)).  It is proper for the jury to consider those customs when deciding whether a defendant deviated from the standard of care in a negligence case such as this one.  See, e.g., Wheeler v. John Deere Co., 935 F.2d 1090, 1099 (10th Cir. 1991).  However, Mr. Dillard was not tendered as an expert on those customs and practices; instead, Mr. Dillard's expertise in this case centers around federal and state regulations and violations, if any, thereof.  In his deposition, Mr. Dillard testified as follows:

> Q.  Okay.  And you said that Mr. Liddon [plaintiff's counsel] wanted you to look at what Mr. McCabe did or should have done, in terms of what?
> A.  In order to successfully make a lane change

---

[1] Therefore, plaintiffs' argument that "[i]n Alabama, experts are allowed to testify that a defendant has violated an administrative regulation" is misplaced.  Alabama law, whatever it may be, is irrelevant.

with a commercial motor vehicle, what his
responsibilities are with those federal and state
regulations, and did he violate any federal or state
regulations with regard to making a land change.
    Q.  So one was to see what federal or state
regulations may have applied to the operation of the
vehicle by Mr. McCabe in making a lane change, and then
the second was whether or not he violated these?
    A.  That is correct.
    Q.  Okay.  Was that the extent of your assignment
or what he asked you to do?
    A.  Yes.

(Exhibit B to Defendant's Motion to Preclude Plaintiff's Expert,

Doc. # 40.)

    Mr. Dillard 's opinion provided to the court states that

"Dennis McCabe violated Federal Motor Carrier Safety regulations

as well as safety customs and practices in the trucking industry

with regards to the safe operation of a commercial motor vehicle.

Specifically, in the manner in which he encroached upon an

occupied lane.  Mr. McCabe failed to assure himself of clear

passage into an occupied lane." (Exhibit A to Defendant's Motion

to Preclude Plaintiff's Expert, Doc. # 40.)(emphasis added).

The emphasized portion of Mr. Dillard's opinion does not conform

to his sworn testimony of why plaintiff's hired him and offered

him as an expert witness.  As such, the court will not allow him

to testify as to the customs and practices in the trucking

industry or to any alleged violation thereof.  Additionally, as

explained in the court's June 2, 2003 order, Mr. Dillard may not

testify that defendants violated the Federal Motor Carrier Safety

regulations as it contravenes the well-established principle that

3

an expert may not testify as to a legal conclusion.[2]  <u>See</u>

<u>Montgomery</u>, 898 F.2d at 1541 ("An expert may testify as to his

opinion on an ultimate issue of fact.  Fed. R. Evid. 704.  An

expert may not, however, merely tell the jury what result to

reach.").

Therefore, plaintiff's motion to reconsider is **DENIED**.  In

addition, plaintiff's request for a hearing is **DENIED**.

DONE this _18th_ day of July, 2003.

SENIOR UNITED STATES DISTRICT JUDGE

---

[2] However, this is not to say that the safety standards in and of themselves are not admissible.  Safety standards promulgated by government or industry organizations may be relevant to the standard of care for negligence.  <u>See</u>, <u>e.g.</u>, <u>Rolick v. Collins Pine Co.</u>, 975 F.2d 1009 (3d Cir. 1992) (error to exclude OSHA regulations which were relevant to show industry standard of care); <u>Albrecht v. Baltimore & O.R. Co.</u>, 808 F.2d 329, 332 (4th Cir. 1987); <u>Frazier v. Continental Oil Co.</u>, 568 F.2d 378, 382 n.11 (5th Cir. 1978).